Keen adsm. Den ex dem. Saxton.

KEEN TENANT, &c. ADSM. DEN EX DEM. SAXTON.

In ejectment.

Question concerning consent rule, motion for writ of restitution, &c.

Mr. Haines, in behalf of the defendant, and of Hunt his land-lord, upon notice of this motion, and upon reading affidavits, moved for a writ of restitution with costs, on the ground that judgment and execution against the casual ejector, had been irregularly and improperly signed and issued. He cited *Adams on Eject.* 225; *Id.* 239; 2 *Archb. pr.* 50; *Den.* v. *Inslee,* 2 *Halst.* 161; *Doe* v. *Roe,* 4 *Burr.* 1996; and as to costs, he cited 2 *Burr.* 654; 4 *T. R.* 371 *in note;* 3 *Taunt.* 492; 4 *Id.* 191; *Curd* v. *Eastmead, Barn. notes,* 260.

*W. S. Johnson, and I. H. Williamson* contra.

*J. W. Miller* in reply.

HORNBLOWER, C. J.   It seems, from what has been said at the bar, that the declaration describes the premises in question as lying in the township of Stillwater; and that whether they lie in Stillwater, or in Newton, depends upon the true location of the line between East and West Jersey, which is the matter really in dispute between the parties.   Hence the landlord declined entering into a consent rule admitting possession of, and agreeing to defend for lands lying in Stillwater, as he claims none in that township, but insists that the lands in possession of his tenant, and for which this action is brought lie within the township of Newton.   The plaintiff on the other hand, contends that the defendant ought either to have signed the usual consent rules, or to have got the order of this court for a special consent rule adapted to the peculiarities of the case.   In this he is probably correct; but it appears that a negotiation upon the subject was opened between the parties, which not resulting in any arrangement satisfactory to the plaintiff, he entered up judgment against the casual ejector, and by a writ of *Hab. fac. possessionem,* turned the defendant out of possession.   It is somewhat difficult to say, which party has been most in default; but inasmuch, as it appears that there is a defence on the merits, and that no delay was

intended, let the judgment be set aside and a writ of restitution be issued and executed at the expense of the defendant; and the costs of the judgment and writ of possession and of this motion, abide the event of the suit.

In the mean time, let the consent rule be entered into, without naming the township in which the lands lie; and the plaintiff have leave to amend his declaration by striking out the name of the township, and making it a declaration for land in the county of Sussex.

FORD, WHITE, DAYTON, and NEVIUS, Justices, concurred.

*Motion granted without costs, and consent rule modified.*